UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUINTON M. THOMAS, ROELIF EARL CARTER, BRADLEY JILES, ANGELA DAVIS, MEREDITH WALKER, BRITTANY ELLIS, DONYA PIERCE, RONALD TUCKER, KEILEE FANT, MAWOUSSIME ADOBOE, SHILITA THOMAS, JAMES REDMOND III, VERONICA MURPHY, ET AL.,<br><br>      Plaintiffs,<br><br>vs.<br><br>CITY OF ST. ANN, ET AL.<br><br>      Defendants. | Case No.: 4:16-cv-1302 |

# *DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION*

COME NOW, Defendants City of St. Ann, City of St. John, City of Bellefontaine Neighbors, City of Bel-Ridge, City of Cool Valley, City of Edmunson, City of Normandy, City of Velda City, City of Beverly Hills, City of Wellston, City of Pagedale, and City of Calverton Park, Missouri and for their joint Response to Plaintiffs' Motion for Reconsideration, states:

### *INTRODUCTION*

On April 24, 2017, this Court entered an order granting Defendants' Motion to Dismiss regarding Plaintiffs' conspiracy claim,[1] dismissing all Defendants except the City of St. Ann due to improper joinder, and denied the City of St. Ann's Motion to Dismiss regarding Counts I through V.  Doc. No. 78.  Specifically, the Court stated, "Because Plaintiffs' remaining claims

---

[1] Plaintiffs do not challenge or request reconsideration of this aspect of this Court's Order.

{01898263.DOCX;1}

against Defendants are based on separate activities, by separate actors, over the course of several years, I find that Defendants have been improperly joined in one action. See Fed. R. Civ. P. 21."

Plaintiffs have requested that this Court reexamine its Order (Doc. No. 78) with respect to dismissing all Defendants other than the City of St. Ann based on improper joinder. This request should be denied.

## STANDARD OF REVIEW

"A motion to reconsider 'cannot be used to raise arguments which could have been raised prior to the issuance of judgment.'" *Robbe v. Webster Univ.*, No. 4:14CV1223 HEA, 2017 U.S. Dist. LEXIS 71865, at *2 (E.D. Mo. May 11, 2017) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988) ("It must be emphasized that, because reconsideration interrupts the flow of litigation toward its conclusion, it 'should not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought."); *see also Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015) (denial reviewed for an abuse of discretion).

Federal Rule of Civil Procedure 21 states: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. A decision to drop parties from the lawsuit is reviewed by the Eighth Circuit for an abuse of discretion. *Taylor v. Bailey*, 494 Fed.Appx. 674, 675 (8th Cir. 2012) (*citing* Fed. R. Civ. P. 20(a); Fed. R. Civ. P. 21; and *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308–09 (8th Cir. 2009)).

*ARGUMENT*

I. **This Court should deny Plaintiffs' Motion to Reconsider as their motion is procedurally deficient.**

Plaintiffs have argued in their introduction and cited cases in their "Legal Standard" section stating reconsideration should be deemed proper because "the parties have not yet had an opportunity to address these issues under Fed. R. Civ. P. 20(a)." Doc. No. 80, pp. 1–2.

As stated above, a Court has the discretion to add or drop a party from the lawsuit on its own if it is not properly joined. *Taylor*, 494 Fed.Appx at 675. This Court did not grant Defendants' Motion to Dismiss with respect to any joinder argument (none was raised), but did so on its own accord. Doc. 78. At this stage, Plaintiffs have not identified any "manifest error of law or fact," and therefore cannot meet there burden for reconsideration. Defendants submit this Court considered the four corners of the Amended Complaint and did not overlook any allegation in determining the parties should be dropped from the lawsuit.

II. **This Court should deny Plaintiffs' Motion to Reconsider because joinder was not proper under Rule 20 of the Federal Rules of Civil Procedure.**

The Federal Rules of Civil Procedure do not define "misjoinder" within the context of Fed. R. Civ. P. 21, though "cases make clear misjoinder of parties occurs when they fail to satisfy the conditions for permissive joinder under Fed. R. Civ. P. 20(a)." *Glendora v. Malone*, 917 F.Supp. 224, 227 (S.D.N.Y. 1996).

As Plaintiffs point out and as this Court has previously observed, Rule 20(a)(2) provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

*Taylor v. Miller*, No. 4:15-CV-285-RWS, 2015 U.S. Dist. LEXIS 70775, at *4 (E.D. Mo. June 2, 2015) (J. Sippel) ("Thus, a plaintiff cannot normally seek to join in one lawsuit a multitude of claims against a host of different defendants, relating to events arising out of a series of different occurrences or transactions."). "In other words, 'Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.'" *Hemingway v. Reed*, No. 1:16CV220 SNLJ, 2017 U.S. Dist. LEXIS 14485, at *2 (E.D. Mo. Feb. 2, 2017) (*quoting George v.* Smith, 507 F.3d 605, 607 (7th Cir. 2007)). "The purpose of [Rule 20] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1130, 1332 (8th Cir. 1974). "[A]ll logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* at 1333.

Plaintiffs must, but cannot, meet each prong (in the conjunctive) of the test to support their contention joinder was proper.

**A. Plaintiffs' claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences.**

Plaintiffs have argued this first prong of Rule 20(a) is more complicated than the second prong, and ultimately argue joinder would be proper as the allegations arise out of the same series of occurrences. *See* Doc. No. 78. Plaintiff relies upon *U.S. v. Mississippi*, 380 U.S. 128 (1965) and *Mosley v. General Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974).

*U.S. v. Mississippi* is distinguishable from the present matter. Plaintiffs have generally summarized the case as involving a suit brought against three state election commissioners and six county voter registrars alleging "hampering and destroying the right of Negro citizens of Mississippi to vote in violation of a federal statute and federal constitutional provisions." *U.S. v.*

*Mississippi*, 380 U.S. 128, 130 (1965). However, crucial to the Supreme Court's determination in this matter and omitted from Plaintiffs' motion was the following:

> The District Court said that the complaint improperly attempted to hold the six county registrars jointly liable for what amounted to nothing more than individual torts committed by them separately with reference to separate applicants. . . . But the complaint charged that the registrars had acted and were continuing to act **as part of a state-wide system** designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote solely because of their color. On such an allegation the joinder of all the registrars as defendants in a single suit is authorized by Rule 20 (a) . . . .

*Id.* at 816–17 (emphasis added); *see also Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

Here, this Court has dismissed Plaintiffs' conspiracy claim and there is no "state-wide system" alleged or system otherwise alleged whereby each and every defendant was alleged to have deprived each and every plaintiff of every constitutional claim asserted. As Defendants have stated in their Reply in Support of their Motion to Dismiss, Defendants have summarized the municipalities referenced in Plaintiffs' claims and it is clear there is whole separation between most Plaintiffs, their claims, and most Defendants. Doc. No. 67, pp. 3–6.[2] Not one Plaintiff has alleged he or she sustained a constitutional harm by every municipality. There is no allegation of a uniform policymaker being responsible for any state-wide scheme. *See Wynn v. NBC*, 234 F.Supp.2d 1067, 1079 (C.D. Cal. 2002). Accordingly, *U.S. v. Mississippi* provides little instruction with respect to reconsideration of dismissing all Defendants with the exception of St. Ann regarding misjoinder.

*Mosley* is also distinguishable. *Mosley* pertained to ten plaintiffs in a potential class action suit against General Motors and a union pertaining to employment practices, color, and

---

[2] For instance, the Amended Complaint only references St. John with respect to Quinton Thomas and Mawoussime Adoboe. Doc. No. 50.

race.  *Mosley*, 497 F.2d at 1331.  The Court in *Mosley* recognized "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged. . . Permissive joinder is not, however, applicable in all cases [due to the requirements of Rule 20(a)]."  *Id.* at 1332–33.  The Eighth Circuit eventually found joinder was permissible since

> [e]ach of the ten plaintiffs alleged that he had been injured by the same general policy of discrimination on the part of General Motors and the Union. Since a "state-wide system designed to enforce the registration laws in a way that would inevitably deprive colored people of the right to vote" was determined to arise out of the same series of transactions or occurrences, we conclude that a company-wide policy purportedly designed to discriminate against Negroes in employment similarly arises out of the same series of transactions or occurrences. Thus the plaintiffs meet the first requisite for joinder under Rule 20(a).

*Id.* at 1333–34.  Again, the present case lacks a common and uniform system (identified in *Mississippi* and *Mosley*) among defendants which has harmed each plaintiff in the same way.

In *Corley v. Google, Inc.*, the United States District Court for the Northern District of California rejected arguments based on *U.S. v. Mississippi* for this very reason—the matter lacked a common and uniform system.  316 F.R.D. 277, 288 (N.D. Cal. 2016).  *Corley* involved 879 individuals with Google Apps for Education accounts suing Google and alleging Google violated the Wiretap Act by intercepting and scanning the plaintiffs' e-mails.  *Id.* at 279. Specifically, the Court considered Google's argument that advertisements were off by default, requiring the institution to decide to allow them; that any automated scanning of e-mails was not used to serve target ads; and that "different educational institutions may have had different scanning policies."  *Id.* at 288.  The Court stated, "Furthermore, even if Google had a uniform scanning policy across all educational institutions, each educational institution had its own privacy policy that included different authorizations and disclosures[,]" and distinguished the

6

matter specifically from *U.S. v. Mississippi*. *Id.* Here, Plaintiffs allege different municipalities with different reasons for arresting Plaintiffs, different amounts of time, which inevitably had different facts to each case pertaining to each Defendant (with many of the Plaintiffs having no relationship to many of the Defendants).[3]

*Mosley* instructs a case-by-case approach is advisable when determining whether there has been misjoinder. *Mosley*, 497 F.2d at 1333. Keeping the purpose of promoting trial convenience in mind, this court properly dropped defendants in this matter. Briefly contemplating the jury instructions pertaining to each claim by each Plaintiff against each Defendant quickly reveals the improper nature joinder has on this case, and is persuasive as to the various differences each Plaintiff has with respect to each Defendant. *See United States ex rel. Citizens United to Reduce & Block Fed. Fraud, Inc. v. Metro. Med. Ctr., Inc.*, Case No. 89-0592-CIV, 1990 U.S. Dist. LEXIS 18339, at *5 (S.D. Fla. Jan. 11, 1990) (where plaintiffs alleged defendant health center presented false claims against the Medicare system, the Court

---

[3] *See also Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (finding misjoinder where plaintiffs alleged 100 "distinct loan transactions with many different lenders" regarding separate properties across the country, some of which were sold in foreclosure, and rejecting conclusory allegation the misconduct was "regular and systematic"); *Malibu Media, LLC v. Doe*, 286 F.R.D. 113, 116 n.4 (D.D.C. 2012) (Individuals who act together as part of a discriminatory system—indeed who are alleged to have acted intentionally to comprise and actively further that system—are a far cry from individuals whose computer programs, with or without the individuals' knowledge, download pieces of a larger file in unconcerted fashion."); *Bias v. Wells Fargo & Co.*, No. 12-CV-664 YGR, 2012 U.S. Dist. LEXIS 97782, at *9 (N.D. Cal. July 13, 2012) ("Here, there is no inter-relationship alleged between the Defendant groups. . . While the practices of the Defendants are alleged to be 'uniform' they are alleged to be uniform within each Defendant group and not as a result of any common plan or scheme."); *Kunin v. Costco Wholesale Corp.*, No. 10-11456, 2011 U.S. Dist. LEXIS 140567, at *11 (E.D. Mich. Dec. 7, 2011) (distinguishing *Mississippi* and *Mosley* where plaintiff attempted to join fourteen plaintiffs pertaining to Costco's alleged company-wide policy encouraging upgrading to executive membership but failing to deliver annual reward certificate of $50.00, finding "[i]t was not inevitable or even likely that the policy Kunin alleges would lead to the formation of oral contracts through false promises made by Costco employees"); *Doe v. D.M. Camp & Sons*, 624 F.Supp. 2d 1153, 1160–61 (E.D. Cal. 2008) (finding insufficient allegations regarding any illegal practices were instituted by a uniform policymaker); *Wynn v. NBC*, 234 F.Supp.2d 1067, 1079 (C.D. Cal. 2002) (Plaintiffs' attempt to analogize *U.S. v. Mississippi* with the present case is unpersuasive. *Mississippi* involved a clear nexus between all of the discriminating individuals that justified joining all of the parties into a single case, namely, a state-wide discriminatory voting registration law that each county enforced as an instrumentality of the state. It is precisely this sort of uniform policy-maker - the State of Mississippi - that Plaintiffs are lacking in the present case.").

acknowledged there may be common issues of law but stated, "In this case, to litigate diverse claims with speculative relation would only frustrate the pace of litigation.").

Plaintiff cannot meet the first prong of the test under Fed. R. Civ. P. 20(a), and this Court need not proceed to the second prong.

**B. Plaintiffs' claims are of insufficient commonality in fact or law to support joinder.**

To the extent this Court is inclined to address the second prong of the test under Fed. R. Civ. P. 20(a), it should determine it properly dropped Defendants from this matter.[4]

Defendants incorporate the above case law and reasoning as instructive regarding this second prong as well.

While the Plaintiffs have argued that a joinder analysis is "separate and distinct" from the question of conspiracy, they ignore that the same speculation befalling their conspiracy claim likewise fails their effort to join the many municipalities in one action. Just as the alleged fact that the several defendant municipalities contracted with the City of St. Ann to house detainees is insufficient to support a meeting of the minds supporting a claim for conspiracy, it is equally insufficient to establish commonality on issues of law and fact. That is, the Plaintiffs' effort to anthologize their several separate claims against these multiple separate Defendants with separate and individual experiences simply fails to establish a commonality justifying joinder.

For instance, with respect to the City of St. John, Plaintiffs allege Quinton Thomas was released by the City of St. Ann regarding Edmundson ordinance violations (with warrants from

---

[4] Addressing the commonality is difficult, as Plaintiffs have not specified which Plaintiff is asserting which claim against which Defendant. Defendants attempt to interpret Plaintiffs' Amended Complaint, but do not concede Plaintiffs have sufficiently stated their causes of action against Defendants. Only to state one example, Defendants discuss Ms. Mawoussime Adoboe's allegations, *infra*, and it remains unclear how Counts I (alleged imprisonment for inability to pay) and IV (issuance of warrants) pertains to any potential claim by her against the City of St. John, where she was arrested after a vehicle accident for failing a field sobriety test (driving while intoxicated). The various fact patterns alleged by each Plaintiff shows why this specific case provides a scenario improper for joinder.

"Normandy, Pine Lawn and St. John, among others") to the City of St. John. Doc. No. 50, ¶¶ 127, 133.  Plaintiffs alleged Mr. Thomas was able to pay the $120 bond to secure Mr. Thomas' release from St. John.  *Id.* at ¶ 133.  Plaintiffs alleged he was unable to make monthly payment plans and that he "had" outstanding fines and court costs stemming from tickets from St. John. *Id.* at ¶ 138.  Plaintiffs alleged Mr. Thomas was "previously unaware" of the outstanding ticket from St. John.  *Id.* at ¶ 132.  It is unclear what question of fact or law Mr. Thomas has in common with respect to his claims against St. John to his claims against "all" (*see* Fed. R. Civ. P. 20(a)(2)) other Defendants with respect to any of the counts.

Plaintiffs' allegations with respect to Mawoussime Adoboe is the only other individual referencing the City of St. John, and the allegations similarly do not show commonality of law or fact.  Plaintiffs alleged she was arrested after a car accident and failing the field sobriety test for driving while intoxicated.  *Id.* at ¶ 300.  She alleged she was detained for eight days on the ordinance violation allegations, and was able to secure $1,500 to pay a bond amount.  *Id.* at ¶ 303.  These facts are not common to any other Plaintiff.  It is further unclear from Plaintiffs' Amended Complaint what policymaker of the City of St. John caused Ms. Adoboe any constitutional violation which has a common question of law to every other Defendant. Plaintiffs' efforts to tie the Defendants to one another rely on speculation and conclusion that this Court is not obliged to accept.  See generally *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).[5]  This Court acted well within its discretion to remedy this misjoinder.

### III. Joinder will not promote judicial economy and efficient resolution of this case.

---

[5] ("While the court must accept allegations of fact as true when considering a motion to dismiss, the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations.") (citation omitted).

{01898263.DOCX;1}

Plaintiffs state it would be a superior option to promote orderly and efficient disposition of this case if joinder is allowed.  Plaintiffs do not cite to any additional case in this section of their motion.  Regardless, Defendants incorporate their above arguments and case law and suggest to this Court joinder would be a disservice to judicial economy, efficiency, and would not be "consistent with fairness to the parties.  *See Mosley*, 497 F.2d at 1333)

As stated, though courts tend to construe joinder broadly, that construction does not displace the conjunctive requirements of Fed. R. Civ. P. 20(a).  *Mosley*, 497 F.2d at 1333.  Based on the differences regarding the above two Plaintiffs (without comparing every Plaintiff with one another), litigating all claims would "frustrate the pace of litigation[.]" *United States ex rel. Citizens United to Reduce & Block Fed. Fraud, Inc. v. Metro. Med. Ctr., Inc.*, Case No. 89-0592-CIV, 1990 U.S. Dist. LEXIS 18339, at *5 (S.D. Fla. Jan. 11, 1990).

## *CONCLUSION*

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs' Motion for Reconsideration in all respects, and for such further relief as this Court deems just and proper.

/s/ Robert T. Plunkert
Peter J. Dunne  #31482MO
Robert T. Plunkert   #62064MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants City of St. Ann and
City of St. John
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)

10

                        KING, KREHBIEL & HELLMICH, LLC

By:  /s/ Blake D. Hill
      Blake D. Hill, #58926MO
      2000 South Hanley Road
      St. Louis, MO 63144-1524
      Phone: 314-646-1110
      Fax:    314-646-1122
      E-mail: bhill@kingkrehbiel.com

Attorneys for Defendants City of Bellefontaine Neighbors, City of Edmunson, City of Normandy, City of Velda City, City of Pagedale, Missouri, City of Bel-Ridge, City of Wellston, Missouri, City of Beverly Hills, Missouri and City of Cool Valley


                        PAULE, CAMAZINE & BLUMENTHAL, P.C.
                        *A Professional Corporation*

By:  /s/ Brad Sylwester
      D. Keith Henson, #31988MO
      Bradley J. Sylwester, #49208MO
      165 North Meramec Ave., Suite 110
      Clayton (St. Louis), MO 63105
      Telephone: (314) 727-2266
      Facsimile: (314) 727-2101
      khenson@pcblawfirm.com
      bsylwester@pcblawfirm.com
      Attorneys for Defendant City of Calverton Park

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 24th day of May 2017, to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF:

Mr. Thomas B. Harvey
Mr. Michael-John Voss
Mr. Blake A. Strode
Mr. Nathaniel Carroll
Mr. Brendan Roediger (Of Counsel)
ArchCity Defenders
1210 Locust Street
St. Louis, Missouri 63103
tharvey@archcitydefenders.org
mjvoss@archcitydefenders.org
bstrode@archcitydefenders.org
ncarroll@archcitydefenders.org
broedige@slu.edu
*Attorneys for Plaintiffs*

Samuel Zachary Fane (pro hac vice)
Three Embarcadero Center, 10th Floor
San Francisco, California 94111
zachary.fane@apks.com
*Co-Counsel for Plaintiffs*

Casey O. Housley (pro hac vice)
Curtis O. Roggow (pro hac vice)
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, Kansas 66210
c.housley@swrllp.com
c.roggow@swrllp.com
*Attorney for Defendant City of Velda Village Hills*

Robert Weiner (pro hac vice)
David Bergman (pro hac vice)
Seth Jason Wiener (pro hac vice)
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
robert.weiner@aporter.com
david.bergman@aporter.com
seth.wiener@apks.com
*Co-Counsel for Plaintiffs*

/s/ Robert T. Plunkert