UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUINTON M. THOMAS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:16 CV 1302 RWS |
| | ) |
| CITY OF ST. ANN, | ) |
| | ) |
| Defendant, | ) |

# **ORDER**

Plaintiffs in this matter have filed a class action lawsuit asserting claims against Defendant City of St. Ann alleging constitutional violations arising from Plaintiffs' arrest and incarceration as a result of their failure to pay fines for municipal ordinance violations (Counts I-V).  Plaintiffs also have asserted a Fourteenth Amendment claim based on the jail conditions at the City of St. Ann Jail for pre-trial detainees. (Count VI).

St. Ann filed two motions to dismiss.  The first seeks the dismissal of Counts I-V.  The second is directed to Count VI.  St. Ann asserts that the actions Plaintiffs allege as the basis of Counts I-V were not committed by the City of St. Ann.   It asserts that the actions were taken by or at the direction of the St. Ann's municipal division of the Missouri state circuit court.  Because this entity is an arm of the state of Missouri, St. Ann asserts these claims are shielded by Eleventh Amendment immunity and should be dismissed for lack of subject matter jurisdiction.

St. Ann ignores the allegations in the second amended complaint that St. Ann adopted unconstitutional policies and practices for the purpose of increasing the City's revenues.  The second amended complaint also asserts that these policies were carried out by City employees, including police officers and clerks.  As a result, Plaintiffs have sufficiently pleaded their cause of action against St. Ann.

St. Ann also asserts that it is immune from suit because all of the individuals the second amended complaint identifies as participats in the contested practices are personally immune from suit.  The United States Court of Appeal for the Eight Circuit has rejected this arguement.  <u>Sample v. City of Woodbury</u>, 836 F.3d 913, 917 (8th Cir. 2016).

 St. Ann's motion to dismiss Court VI regarding the conditions of its jail is also without merit.  Plaintiffs' second amended complaint asserts claims which, if true, would clearly state a claim under the Fourteenth Amendment.  The second amended complaint alleges that pre-trial detainees were not allowed to take showers for days or weeks; were subjected to cold temperatures with insufficient blankets causing them to huddle together for warmth; denied the detainees basic hygiene supplies; provided insufficient nutrition; and put detainees in grossly overcrowded cells.  Although St. Ann disputes the details of each of these claims, these allegations are sufficient to state a claim. <u>Bell v. Wolfish</u>, 441 U.S. 520, 536–37 (1979) (Pre-trial detainees may be subjected to restrictions and conditions of a detention facility so long as those

conditions and restrictions do not amount to punishment, or otherwise violate the Constitution.)

In reviewing this case it appears that Plaintiffs' claims in Count's I-V regarding St. Ann's alleged unconstitutional arrest and incarceration policies are separate and distinct from their claims regarding the unconsitutional conditions at the St. Ann jail. I believe that these claims should be severed and proceed in separate class action cases.  Both cases would remain assigned to me and discovery may be coordinated to avoid duplicative or conflicting issues.  As a result, before this case is set for a case management scheduling conference the parties shall show cause why this case should not be severed.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant City of St. Ann's motions to dismiss [106 and 108] are **DENIED**.

**IT IS FURTHER ORDERED that** the parties shall show cause no later than **September 21, 2018** why Counts I-V should not be severed from Count VI.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2018.