UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUINTON M. THOMAS, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>THE CITY OF ST. ANN, )<br>)<br>Defendant. ) | No. 4:16 CV 1302 RWS |

## **MEMORANDUM AND ORDER**

Plaintiffs in this matter have filed a class action lawsuit asserting claims against Defendant City of St. Ann (the City) alleging constitutional violations arising from Plaintiffs' arrest and incarceration as a result of their failure to pay fines for municipal ordinance violations (Counts I-V). Plaintiffs seek compensatory damages as well as declaratory and injunctive relief.

The City filed a motion to dismiss Plaintiffs' second amended complaint for failure to join an indispensable party under Federal Rule of Civil Procedure 19. There are four related cases in this Court which are being litigated by the same counsel representing Plaintiffs and the City in the present case. Those cases are Fant v. City of Ferguson, 4:15 CV 253 AGF, Baker v. City of Florissant, 4:16 CV 1693 NAB, Davis v. City of Normandy, 4:18 CV 1514 RLW, and Webb v. City of

Maplewood, 4:16 CV 1703 CDP. Counsel for City of St. Ann, City of Ferguson, City of Florissant, City of Normandy, and City of Maplewood filed substantially similar motions to dismiss in all of these cases asserting that plaintiffs have failed to join the municipal court in each city as an indispensable party in the lawsuits. The four judges presiding over the related cases have all denied the motions to dismiss that the City also filed in the present case. I agree with those opinions and I adopt and share their analysis of the issues raised by the City. I specifically adopt the opinion of United States District Judge Audrey G. Fleissig issued on August 6, 2019 as follows:

    The City's present motion asserts arguments similar to those the City raised in prior motions but reframes them in terms of Rule 19. In short, the City argues that Plaintiffs' constitutional challenges are directed solely to the conduct of the St. Ann Municipal Court (the "municipal court"), which the City argues is a separate entity, and that the municipal court is therefore required to be joined as a co-defendant under Rule 19(a). But the City argues that joinder is not feasible because the municipal court is an arm of the state under Missouri law and, as such, entitled to sovereign immunity. The City contends that because there is a potential for injury to the interests of the municipal court and because the municipal court is immune from suit, dismissal of the claims at issue is required under Rule 19(b). For the reasons set forth below, I will deny the City's motion.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(7) permits dismissal of a claim for failure to join a party under Rule 19. Rule 19, in turn, sets forth a two-part inquiry. First, the Court must determine whether the absent person's presence is "required." Fed. R. Civ. P. 19(a)(1). Joinder is required when:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

"[T]he focus of Rule 19(a)(1) is on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Cedar Rapids Bank & Tr. Co. v. Mako One Corp.*, 919 F.3d 529, 534–35 (8th Cir. 2019) (citation omitted). When joinder is not required under Rule 19(a), "the inquiry is at an end, and the motion to dismiss for failure to join the party in

question must be denied." *Rochester Methodist Hosp. v. Travelers Ins. Co.*, 728 F.2d 1006, 1016 (8th Cir. 1984).

If joinder is required but not feasible, a court must proceed to the second step and "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed," considering several enumerated factors. Fed. R. Civ. P. 19(b). Factors to consider include (1) the extent to which a judgment in the required person's absence might prejudice that person or the existing parties; (2) the extent to which such prejudice could be lessened or avoided by protective provisions or otherwise shaping the relief to be granted; (3) the adequacy of a judgment rendered in the person's absence; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b). In analyzing these factors in the context of a claim of sovereign immunity, a court must give sufficient weight to the sovereign status of the absent person, which "in some instances, [will mean] that the plaintiffs will be left without a forum for definitive resolution of their claims." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 872 (2008).

The Rule 19 inquiry is a "highly-practical, fact-based endeavor," and courts are "generally reluctant to grant motions to dismiss of this type." *Fort Yates Pub. Sch. Dist. No. 4 v. Murphy ex rel. C.M.B.*, 786 F.3d 662, 671 (8th Cir. 2015). "A decision under Rule 19 *not* to decide a case otherwise properly before the court is a

4

power to be exercised only in rare instances." *Nanko Shipping, USA v. Alcoa, Inc.*, 850 F.3d 461, 465 (D.C. Cir. 2017) (emphasis in original) (citation omitted).

I conclude that the municipal court in St. Ann is not a required party under Rule 19(a). Rule 19(a)(1)(A)'s condition that a court be able to accord complete relief "does not mean that every type of relief sought must be available, only that meaningful relief be available." *Henne v. Wright*, 904 F.2d 1208, 1212 n.4 (8th Cir. 1990) (internal citations omitted). Here, the present litigation is able to accord meaningful relief to Plaintiffs without joinder of the municipal court. Plaintiffs seek money damages from the City, a declaration that the City violated their constitutional rights, and an injunction enjoining the City from enacting and enforcing its allegedly unlawful policies and customs. This lawsuit may provide such relief to the extent that Plaintiffs' claims prove to be viable and meritorious. The City's argument that the municipal court, and not the City, caused the alleged constitutional violations may be a reason to deny relief on Plaintiffs' claims, but it does not support a finding under Rule 19(a)(1) that joinder of the municipal court is required. *See, e.g.*, *Gwartz v. Jefferson Mem'l Hosp. Ass'n*, 23 F.3d 1426, 1429 (8th Cir. 1994) ("Whether the asserted facts support claims other than the ones before the court or whether the complaint here adequately states [the plaintiffs'] claims . . . are not the issues under Rule 19(a)(1).").

Likewise, under Rule 19(a)(1)(B), even assuming that the municipal court has an interest relating to the subject of the action, disposition of the action in the municipal court's absence will not as a practical matter impair or impede the municipal court's ability to protect its interest. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). In support of its argument to the contrary, the City relies primarily on the Eighth Circuit's opinion in *Two Shields v. Wilkinson*, 790 F.3d 791 (8th Cir. 2015). In that case, the plaintiffs claimed that the named defendants induced an absent sovereign, the United States, to breach its fiduciary duty by approving leases for interests in land held in trust. *Id.* at 792-93. In other words, in order to prevail on their claims against the named defendants, the plaintiffs were required to prove that the absent sovereign acted illegally. *Id.* at 796. A judgment entered in the sovereign's absence would thus "potentially cloud the validity of many of the land grants approved by the government." *Id.* For this reason, the Eighth Circuit found that the United States' ability to protect its interest would be impaired or impeded by its absence from the litigation. *Id.* at 797.

By contrast, here, none of Plaintiffs' claims requires a showing that the municipal court acted illegally. Rather, for Plaintiffs to succeed on their claims, they must demonstrate that the City acted unlawfully.[1] *See Fochtman v. Darp,*

---

[1] The other cases relied upon by the City are even more readily distinguishable. *Pimentel* was an interpleader action in which the parties *conceded* that the absent sovereign claiming an interest in the assets at issue was a required party under Rule 19(a).

6

*Inc.*, No. 5:18-CV-5047, 2018 WL 3148113, at *6–7 (W.D. Ark. June 27, 2018) (distinguishing *Two Shields* on this ground and holding that an absent sovereign's more remote interest in the outcome of a case was insufficient to require joinder).

Nor would the municipal court's absence subject the City to a substantial risk of incurring double or otherwise inconsistent obligations. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii). The City's own argument supports such a holding. The City asserts that, as a matter of law, it cannot be held liable for the municipal court's conduct. If the City is correct, and if the actions complained of were caused by the municipal court, then as explained above, Plaintiffs' claims may fail on the merits. But resolution of these issues does not require the municipal court's joinder. *See Gwartz*, 23 F.3d at 1430. Because the municipal court is not a required party under Rule 19(a), I need not address whether dismissal is required under Rule 19(b). The City's motion must be denied. In light of the extensive briefing submitted on these issues, oral argument is unnecessary.

## CONCLUSION

For the reasons set forth above,

---

553 U.S. at 864. And *Ray v. Judicial Corrections Services, Inc.*, No. 2:12-CV-02819-RDP, 2017 WL 660842 (N.D. Ala. Feb. 17, 2017) and *McMillian v. Johnson*, No. CV-93-A-699-N, 1994 WL 904652 (M.D. Ala. Feb. 18, 1994), were not Rule 19 cases at all but involved motions for summary judgment and to dismiss for failure to state a claim, respectively, which are more appropriate vehicles for resolving merits arguments like the ones the City raises.

7

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Counts I through V through VII, and motion for oral argument of the motion [166 and 169] are both **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISCTRICT JUDGE

Dated this 3rd day of September, 2019.