UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| QUINTON THOMAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ST. ANN,<br><br>Defendant. | Case No. 4:16-cv-1302-SEP |
| MEREDITH WALKER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ST. ANN,<br><br>Defendant. | Case No. 4:18-cv-1699-SEP |

**MEMORANDUM AND ORDER GRANTING
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' Consent Motion for Final Approval of Settlement. Doc. [308].[1] Also before the Court is Plaintiffs' Motion for Attorney Fees. Doc. [303]. On March 6, 2024, the Court held a Final Approval Hearing to consider the issues presented in the motions and proposed settlement. At that hearing, Class Counsel and Defendant's counsel presented information about the implementation of the Settlement Agreement, which the parties entered into on August 10, 2023. *See* Doc. [299-1].

On October 17, 2023, the Court preliminarily approved the proposed settlement. Doc. [302]. At that time, the Court certified this case as a class for settlement purposes, on behalf

---

[1] Citations to the docket refer to Case No. 4:16-cv-1302. Duplicate documents were filed on the docket in Case No. 4:18-cv-1699.

of two Settlement Classes defined as:

**Debtor Prison Class:** All persons who were, at any time since August 9, 2011, to November 14, 2022, held in jail by or on behalf of the City of St. Ann for nonpayment of a monetary sum arising out of a Municipal Ordinance Violation, excluding persons who were held in the St. Ann jail solely on behalf of the City of Normandy and/or the City of Edmundson.

**Jailed Class**: All persons who were, at any time since August 9, 2011, to November 14, 2022, detained in the St. Ann Jail.

In the Preliminary Approval Order, the Court appointed Quinton M. Thomas, Roelif Earl Carter, Bradley Jiles, Angela Davis, Meredith Walker, Brittany Ellis, Donya Pierce, Mawoussime Adoboe, Veronica Murphy, and Charles Riley as representatives of the Settlement Class or Classes, and appointed Blake Strode and Maureen Hanlon of ArchCity Defenders, Inc. and S. Zachary Fayne of Arnold & Porter Kaye Scholer LLP as Settlement Class Counsel.  In the Preliminary Approval Order, the Court also approved the form and manner of the Notice Program and set a hearing date to consider final approval of the Settlement.  The Court has considered the Parties' Motion for Final Approval of Class Action Settlement, Doc. [308], the Settlement Agreement, Doc. [299-1], the Parties' Memorandum in Support and its Exhibits, Docs [309], [309-1], [309-2], [309-3], Plaintiffs' Motion for Attorney Fees, Doc. [303], and related Memorandum in Support and Exhibits, Docs. [304], [304-1], [304-2], as well as the Parties' argument at the hearing held on March 6, 2024.

The matter having been submitted and good cause appearing therefore, the Court finds as follows:

1. All defined terms contained herein have the same meaning as set forth in the final Settlement Agreement executed by the Parties and filed with this Court as Doc. [299-1] to the first Motion for Preliminary Approval of Class Action Settlement;

2. Notice in this case was completed by the administrator, Atticus Administration, LLC (Atticus), a nationally known class-administration firm with significant experience.  The Court recognizes and approves the content of the Affidavit provided by Atticus regarding the notice attached as Exhibit 1 to the Memorandum in Support of the Motion for Final Approval of Class Action Settlement.  Doc. [309-1].

3. Defendant has ensured certain notice of the class action settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-1715, was delivered to the Attorney General of the United States and to the appropriate state officials in all fifty states, the District of Columbia, and Puerto Rico (CAFA Notice Packets).  Doc. [309-2].

4. The Settlement Administrator confirms that all CAFA Notice Packets were delivered as of October 3, 2022.  Doc. [309-2].

5. The Court finds that there were no exclusions submitted before settlement and no timely opt-outs.  There were two objections to the Settlement Agreement, one from Richard Pack, Doc. [306], and one from Akbar Mohabbat, Doc. [305].  Mr. Mohabbat spoke at the hearing held on March 6, 2024, at which time he withdrew his objection.  The Court asked Mr. Mohabbat whether he had been pressured or offered any payment or other consideration in exchange for withdrawing his objection, and he represented that he had not.  The Court finds that his objection was withdrawn voluntarily and was not withdrawn in exchange for any payment or other consideration.  The Court overruled Mr. Pack's objection at the hearing, finding that it did not demonstrate that the Settlement Agreement was unfair, unreasonable, or inadequate.  Additionally, the Court determined that although the time to do so had passed, Mr. Pack would be allowed to opt out or submit a claim, and he stated on the record that he wished to opt out of the Settlement.  Therefore, Richard Pack is the one opt-out Class member to be excluded from the Settlement and Final Judgment.

6. The Court finds that all aspects of Class Notice were accomplished in accordance with this Court's preliminary approval of the Settlement.

7. The Settlement Class Representatives and the Defendant, through their counsel of record in the Litigation, have reached an agreement to settle all claims in the Litigation.  The Court recognizes that the Settlement Agreement between the Parties is a compromise of disputed claims.

8. The Parties have agreed that Class Counsel will be awarded attorneys' fees in the amount of $692,500, which is approximately 22% of the total fund, and reimbursement of costs in the amount of $168,589 to satisfy all attorneys' fees

3

and costs in this case.  The Court has reviewed all factors relevant to the award of attorneys' fees, including the novelty and difficulty of questions presented, and the result obtained on behalf of the Classes.  Courts in this circuit "have frequently awarded attorneys' fees ranging up to 36% in class actions." *Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017).  The amount agreed to here is reasonable given the nature of this case and the work of Class Counsel.  This case is complex and involves questions of constitutional law and interpretation as well as issues of sovereign immunity and municipal liability.  Class Counsel worked diligently on the case and moved it towards settlement as quickly as practicable.  This was a result of aggressive, persistent litigation.  Further, the benefits to the Class are significant.  Finally, attorneys' fees were negotiated at arms-length and approved by all Parties, including the Class Representatives.  There have been no objections by Class Members to the amount of attorneys' fees.  Based on the above, the Court finds that the requested attorneys' fees and costs are fair and reasonable and should be paid from the Settlement Fund.

9. The Court finds that the Class Representative payments of $7,500 each to the class representatives Quinton M. Thomas, Roelif Earl Carter, Bradley Jiles, Angela Davis, Meredith Walker, Brittany Ellis, Donya Pierce, Mawoussime Adoboe, Veronica Murphy, and Charles Riley are fair and reasonable.

10. The Court finds that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class members, when considering the merits of Plaintiffs' case, weighed against the terms of the settlement; Defendant's financial condition; the complexity and expense of further litigation; and the lack of opposition to the settlement.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005) (citing *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988)).

11. The Court has also considered the following factors in finding that the settlement of this action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class members:

4

    a.    class representatives and counsel have adequately represented the class

    b.    the proposal was negotiated at arm's length

    c.    the relief provided for the class is adequate, taking into account:

- the costs, risks, and delay of trial and appeal;
- the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
- the terms of any proposed award of attorney's fees, including timing of payment; and
- any agreement required to be identified under Rule 23(e)(3); and

    d.    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

12. Further, this Court hereby:

    a. Finds that all matters ordered by this Court in its Order Granting Preliminary Approval of Class Action Settlement, Doc. [302], have been accomplished;

    b. Finds that Class Counsel have fairly and adequately protected the interests of the Settlement Class;

    c. Finds that all requirements of statutes, rules, and the United States Constitution necessary to effectuate this Agreement have been met and satisfied;

    d. Finds that Defendant met the requirement of notice to appropriate state and federal officials under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, and 1711-15, and further finds that more than 90 days have elapsed since that notice.  The Court further finds that the notice procedure implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order constituted the best practicable notice; was reasonably calculated under the circumstances to apprise

       Class Members of the pendency of the litigation and of their rights to object or exclude themselves from the proposed Settlement and of their right to appear at the fairness hearing; and constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice;

  e. Gives final approval to the Settlement Agreement as fair, reasonable, and adequate to the Class Members;

  f. Approves the award of Class Counsel's attorney fees in the amount of amount of $692,500, reimbursement of costs in the amount of $168,589, and Class Representative compensation in the amount of $7,500 pursuant to the Settlement Agreement;

  g. Recognizes that by entering into the Settlement Agreement, Defendant City of St. Ann, Missouri, has not admitted any wrongdoing or liability on its part and denies the same.  The Court recognizes that the Settlement Agreement between the Parties is a compromise of disputed claims; and

  h. Recognizes that Class Counsel have done an admirable job of representing the interests of the Class; Class Representatives have represented the Class fairly and adequately, giving up their time to secure relief that will benefit thousands of people; counsel for the Defendant City of St. Ann, Missouri has provided excellent representation for their client; thus, final approval is in the best interest of the Parties and the Class.

Good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Consent Motion for Final Approval of Settlement, Doc. [308], and its Motion for Attorney Fees, Doc. [303], are **GRANTED**.

    **IT IS FURTHER ORDERED** that:

1. The Settlement Agreement is given final approval as fair, reasonable, and adequate for the settlement of the claims of the Class Members.
2. The Parties will comply with the terms of the Settlement Agreement with the terms of the Settlement being incorporated in this Order.
3. All members of the Settlement Classes, their heirs, executors, administrators, successors, and assigns are bound by this Final Order.  The two Settlement Classes are defined as:

6

> **Debtor Prison Class:** All persons who were, at any time since August 9, 2011, to November 14, 2022, held in jail by or on behalf of the City of St. Ann for nonpayment of a monetary sum arising out of a Municipal Ordinance Violation, excluding persons who were held in the St. Ann jail solely on behalf of the City of Normandy and/or the City of Edmundson.
>
> **Jailed Class**: All persons who were, at any time since August 9, 2011, to November 14, 2022, detained in the St. Ann Jail.

4. Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and Defendant's present and former City Council Members, appointed and elected officials, officers, employees, police or other law enforcement officers, corrections officers, prosecutors, and persons participating in the operation of the Municipal Court within the City of St. Ann, including municipal judges, clerks and other personnel, agents, insurers, members, attorneys, advisors, consultants, representatives (Released Parties), are fully and irrevocably released and forever discharged of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, that result from, arise out of, are based upon, or relate to the conduct, omissions, duties or matters during the Class Period as described in the Complaints in these Actions that were or could have been alleged in the Actions, including but not limited to "sham warrant" claims and claims for injunctive relief (Released Claims).

5. In the event that the Effective Date occurs, all Class Members except for the one individual identified above who opted out of the Settlement will be deemed to have forever released and discharged the Released Claims as described in paragraph 4 of the Settlement Agreement.  In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever.

6. Attorney fees and Class Representative payments are fair and reasonable and should be paid from the Settlement Fund pursuant to the terms of the Settlement Agreement.

7. In the event that the Effective Date occurs, this action will be deemed resolved and

shall be dismissed on the merits with prejudice and (except as provided in this Order or in the Settlement Agreement) without any additional costs and attorney fees to any party as against any other.

8. The Court retains jurisdiction as to all matters relating to administration, implementation, and enforcement of the Settlement Agreement and this Order.

A separate Judgment will be entered pursuant to Federal Rule of Civil Procedure 58 on this same date.

Dated this 7th day of March, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE